# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DONALD EUGENE DOYLE III,<br>　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br>　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 4:15-CV-76-JEM<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Donald Eugene Doyle III on September 15, 2015, and Plaintiff's Social Security Opening Brief in Support of Judgment or Remand to the Commissioner [DE 15], filed by Plaintiff on February 25, 2016. Plaintiff asks the Court to reverse and remand the Commissioner's decision for further proceedings. On June 2, 2016, the Commissioner filed a response, and on June 15, 2016, Plaintiff filed a reply.

## I.　　Procedural Background

On August 27, 2011, Plaintiff filed an application for benefits alleging that he became disabled on September 1, 2008. Plaintiff's application was initially denied and was denied again on reconsideration. On February 11, 2014, Plaintiff and his attorney appeared before Administrative Law Judge ("ALJ") David R. Bruce. Plaintiff, Plaintiff's wife, and a vocational expert testified. On March 19, 2014, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.　　Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013.

2. Plaintiff did not engage in substantial gainful activity from September 1, 2008, the alleged onset date, through his date last insured.

3. Through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease and Klippel-Feil syndrome.

4. Through the date last insured, Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. Through the date last insured, Plaintiff had the residual functional capacity to perform the full range of sedentary work.

6. Through the date last insured, Plaintiff was unable to perform any past relevant work.

7. Plaintiff was a younger individual on the date last insured.

8. Plaintiff has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not Plaintiff has transferable job skills.

10. Through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

11. Plaintiff was not been under a disability, as defined in the Social Security Act, from September 1, 2008, the alleged onset date, through December 31, 2013, the date last insured.

The Appeals Council denied Plaintiff's request for review and denied his request to reopen the decision, making the ALJ's decision the final decision of the Commissioner.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.    Facts**

Plaintiff suffers from degenerative disc disease and Klippel-Feil syndrome, which has resulted in a "congenital fusion" between the bottom two vertebrae in his neck. For most of his life, Plaintiff was active; the precipitating event leading to his current struggles was a snowboarding accident in December 2006. After that accident, Plaintiff began suffering neck pain, headaches, pain in both arms, and numbness in his right arm, and his condition began to deteriorate. As the ALJ noted at Plaintiff's administrative hearing, "[I]t's sort of an eggshell skull thing. The illness [Klippel-Feil Syndrome] was never a problem until the injury and then it all ... sort of snowballed on you." AR 72.

In April 2008, Plaintiff began seeing Dr. Carolyn Kochert, a pain management physician. But physical therapy, steroid injections, and narcotic medications did not help his condition. After having neck surgery in June 2009, Plaintiff reported to Dr. Kochert that his pain was less sharp and intense but that he still had a "fair amount" of pain. AR 523. Further treatment from Dr. Kochert provided "[n]o real rel[ie]f, just stopped [the] problem from progressing further." AR 478.

Plaintiff's condition grew worse in 2011 after he slipped in his garage in May and fell at the Indiana State Fair in July. He continued to see Dr. Kochert and underwent surgery again in November 2011.

In October 2011, paper file reviewer Dr. R. Bond opined that Plaintiff could sit for about 6 hours and stand for at least 2 hours in a workday. AR 647. Paper file reviewer Dr. A. Dobson concurred. AR 751.

In January 2012, the Social Security Commissioner's consulting examiner, Dr. Steven Perkins, examined Plaintiff and concluded that Plaintiff could stand or walk for at least two hours, sit for at least two hours, and handle objects for at least two hours. AR 747.

In August 2013, Dr. Kochert reported that Plaintiff's neck pain was "sharp," "throbbing," "burning," and "constant," lasting "24 hours day and night." AR. 762.

In September 2013, Dr. Jamie Gottlieb, an orthopedic surgeon, examined Plaintiff and reported that Plaintiff "cannot sit, stand or walk for any continued amount of time." AR 1129.

## III. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency. The Court must accept the Commissioner's factual findings as conclusive if the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Accordingly, the Court will reverse only if the ALJ's findings are not supported by substantial evidence or if the ALJ applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

The Court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its own judgment for the ALJ's. *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)*; Clifford v.*

*Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Thus, if an ALJ finds that a claimant is not disabled within the meaning of the Social Security Act, the question is not whether the claimant is, in fact, disabled, but whether the ALJ "use[d] the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999).

At a minimum, the ALJ must articulate his analysis of the evidence to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must "build an accurate and logical bridge from the evidence to [the] conclusion" so that the reviewing court can "assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Id.*; *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions.").

## IV.     Analysis

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff contends that: (1) the ALJ mischaracterized the opinion reached by Dr. Steven Perkins; (2) the ALJ improperly rejected the opinion reached by Dr. Jamie Gottlieb; and (3) the ALJ made a "patently wrong" credibility finding. The Commissioner disagrees and says that substantial evidence supports the ALJ's decision.

5

### A. Dr. Perkins' opinion

The ALJ said that he gave "significant weight" to consulting examiner Dr. Perkins' opinion. AR 28. After physically examining Plaintiff, Dr. Perkins opined that Plaintiff could "[s]tand or walk for at least 2 hours," "[s]it for at least 2 hours," and "[h]andle objects for at least 2 hours." AR 747. In the ALJ's view, Dr. Perkins "suggested that [Plaintiff] was capable of 'sedentary' work activities." AR 28. But this is a mischaracterization of Dr. Perkins' opinion. Dr. Perkins never stated that Plaintiff could perform full-time sedentary work, which requires that an individual must "be able to remain in a seated position for approximately 6 hours of an 8-hour workday." Social Security Ruling 96-9p.

For full-time sedentary work, standing or walking "should generally total no more than about 2 hours" of the day, and sitting "should generally total approximately 6 hours" of the day. Social Security Ruling 83-10; *see also* 20 C.F.R. section 404.1567(a). By contrast, Dr. Perkins opined that Plaintiff could sit for at least *two* hours per workday, not six hours. In short, Dr. Perkins opined that Plaintiff was capable of performing *less* than sedentary work. The ALJ consequently erred when he characterized Dr. Perkins as having opined that Plaintiff is capable of sedentary work.

The Commissioner argues that Dr. Perkins' finding that Plaintiff could sit for "at least" 2 hours is "ambiguous as to how long beyond two hours Plaintiff can sit," and that the ALJ "reasonably considered" Dr. Perkins' findings "as a whole" in concluding that Plaintiff is capable of sedentary work. But the ALJ did not conclude that Plaintiff is capable of sedentary work based on Dr. Perkins' overall findings; rather, the ALJ explicitly wrote that "Dr. Perkins suggested that the claimant was capable of 'sedentary' work activities." AR 28. Dr. Perkins did

6

not suggest as much. Indeed, Dr. Perkins suggested the opposite. In short, the ALJ mischaracterized Dr. Perkins' opinion.

Remand is proper where the ALJ misstates the medical evidence. *Golembiewski v. Barnhart*, 322 F.3d 912, 916-17 (7th Cir. 2003) (remanding where ALJ inaccurately described MRIs as showing "no herniations"); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) ("The chief problem lies in the ALJ's mischaracterization of the medical evidence ..."); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (remanding due to ALJ's "erroneous statements"). Here, the ALJ mischaracterized Dr. Perkins' opinion, an opinion the ALJ afforded "significant weight." AR 28. Remand is therefore proper.

### B. Dr. Gottlieb's opinion

The error regarding Dr. Perkins' opinion is enough on its own to justify remand, but to avoid the potential for further error on remand the Court will also address Plaintiff's other arguments. The second of those arguments involves Dr. Jamie Gottlieb, an orthopedic surgeon who examined Plaintiff twice. Dr. Gottlieb opined that Plaintiff could not remain sitting or standing for the duration of an 8-hour workday. AR 1129 ("pt. cannot sit, stand or walk for any continued amount of time"). Specifically, Dr. Gottlieb observed that Plaintiff could sit for less than one hour at a time, stand for only 10 minutes at a time, and walk for only 10-15 minutes at a time. AR 1129. But the ALJ wrote that he did not "agree" with Dr. Gottlieb's assessment because it was "not consistent with the weight of the evidence as a whole" and not consistent with Dr. Gottlieb's "own clinical observations" of Plaintiff. AR 28.

The ALJ did not explain which of Dr. Gottlieb's clinical observations were inconsistent with her opinion. And in concluding that Dr. Gottlieb's opinion was inconsistent with the

7

weight of the rest of the evidence, the ALJ relied at least in part on his incorrect view that Dr. Perkins had opined that Plaintiff was capable of sedentary work. AR 28 ("there is no evidence in the record which suggests that [Plaintiff] is not capable of sedentary level work"). On remand, the ALJ should explain which of Dr. Gottlieb's clinical observations were inconsistent with her overall opinion, and the ALJ should consider Dr. Perkins' actual opinion in assessing whether Dr. Gottlieb's opinion is consistent with the weight of the rest of the evidence.

    C.    **Plaintiff's statements regarding his symptoms**

The ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms "not entirely credible." AR 29. Plaintiff argues that the ALJ was "patently wrong" in making this finding and that the ALJ failed to comply with Social Security Ruling 96-7p.

SSR 96-7p was in effect when the ALJ issued his decision. Since then, the Social Security Commissioner enacted a new ruling, SSR 16-3p, which superseded SSR 96-7p and "eliminat[ed] the use of the term 'credibility' from our sub-regulatory policy .... clarify[ing] that the subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 SSR LEXIS 4, *1 (Mar. 16, 2016). The change "is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain *assertions* by applicants." *Cole v. Colvin*, No. 15-3883, 2016 U.S. App. LEXIS 13559, *2 (7th Cir. July 26, 2016) (emphasis in original). "Nothing else has changed, [and] an ALJ must still provide good reasons for rejecting a claimant's assertions as to his pain and limitations." *Andrews v. Colvin*, No. 15-7192, 2016 U.S. Dist. LEXIS 125416, *27 (N.D. Ill. Sept. 15, 2016); *accord Srp v. Colvin*, No. 15-3006, 2016 U.S. Dist. LEXIS 113695, *12 (C.D.

Ill. Aug. 25, 2016) ("The [new] SSR states that an ALJ shall not make any general 'credibility determination' about a claimant .... Rather, the ALJ should evaluate the credibility of each alleged symptom individually ...").

Plaintiff argues that SSR 96-7p still controls because SSR 96-7p was in effect when the ALJ issued his decision. But in fact the ALJ should apply SSR 16-3p on remand. *Muldoon v. Colvin*, No. 15-3588, 2016 U.S. Dist. LEXIS 129352 (N.D. Ill. Sept. 22, 2016) (directing ALJ to apply SSR 16-3p on remand) ("the application of a new social security regulation to matters on appeal is appropriate where, as here, the new regulation is a clarification of, rather than a change to, existing law").

Of course, the ALJ's approach under SSR 16-3p will likely be similar, as SSR 16-3p still allows the ALJ to assess the credibility of Plaintiff's assertions about his symptoms. *Cole*, 2016 U.S. App. LEXIS 13559 at *2 ("obviously [ALJs] will continue to assess the credibility of pain *assertions*") (emphasis in original). But the Court cautions the ALJ against relying on some of the faulty reasoning found in the ALJ's 2014 decision. Specifically, in discrediting Plaintiff's statements about his symptoms the ALJ noted that Plaintiff had worked in medium- to heavy-exertion jobs until August 2008. AR 28. The relevance of this history is unclear, because August 2008 is around the time Plaintiff alleges that he became disabled. If anything, Plaintiff's work history up to August 2008 *supports* his request for disability benefits. *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) ("a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability") (internal quotation omitted).

The ALJ also cited Plaintiff's daily activities, specifically Plaintiff's report that he "cares for his young son, prepares simple meals, goes out alone, dives a car, shops in stores, manages his own money, and goes to the park with his son and wife." AR 29. The ALJ described these activities as "inconsistent with the degree of severity and limitation alleged by the claimant." AR 29. But while it is appropriate to place some weight on a claimant's daily activities, the Seventh Circuit Court of Appeals has repeatedly criticized discounting a claimant's reported symptoms on the basis of an ability to take care of personal hygiene, children, or basic household chores. *See, e.g., Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) ("While the ALJ did list [the plaintiff's] daily activities, these activities are fairly restricted (*e.g.*, washing dishes, helping his children prepare for school, doing laundry, and preparing dinner) and not of a sort that necessarily undermines or contradicts a claim of disabling pain"). The ALJ viewed Plaintiff's ability to perform some activities of daily living as inconsistent with Plaintiff's claimed inability to perform full-time work, but the Seventh Circuit has repeatedly emphasized that a person's ability to perform daily activities does not indicate an ability to work outside of the home. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("[The plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th

Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home ... The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment ... often differ dramatically between home and office or factory or other place of paid work.").

## V.     Conclusion

For the reasons above, the Court hereby **GRANTS** the relief requested in Plaintiff's Social Security Opening Brief in Support of Judgment or Remand to the Commissioner [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 26th day of September, 2016.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record